**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ELLA LEWIS**
400 E. Capital Street NE, Apt. 224
Washington, D.C. 20019

*Plaintiff*,

v.

**UNITED STATES OF AMERICA**
950 Pennsylvania Avenue NW
Washington, D.C. 20530,

*Defendant*.

Civil Action No.: 1:19-cv-3763

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW, Plaintiff Ella Lewis ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant the United States of America ("Defendant" or "United States") on the grounds and in the amount set forth as follows:

**INTRODUCTION**

This action for personal injuries arises out of a motor vehicle collision caused by Lori M. Bell ("Ms. Bell"), an employee of Defendant and while operating a motor vehicle owned by Defendant, in the District of Columbia on or about April 12, 2018.

Plaintiff files this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) in that Lori M. Bell is a federal employee and committed the alleged negligent conduct while acting within the scope of her employment as a United States Marshal.

**PARTIES**

1. At all times relevant to this action, Plaintiff Ella Lewis is an adult resident of the District of Columbia.

2. At all times relevant to this action, Lori M. Bell was employed by the United States Marshal Service ("USMS"), an agency within the U.S. Department of Justice ("USDOJ"), which is a department of Defendant United States of America.

**JURISDICTION & VENUE**

3. Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1).

4. The collision that forms the basis of the Complaint occurred in the District of Columbia and venue is grounded in this Court pursuant to 28 U.S.C. § 1391(b).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On July 23, 2018, Plaintiff filed a claim for damages in the amount of one million, ten thousand dollars ($1,010,000.00) based on the subject collision, which the United States Department of Justice received on July 26, 2018. *See*, Ex. 1 – USDOJ Acknowledgment Letter.

6. The USDOJ subsequently forwarded Plaintiff's claim to the USMS, which the USMS received on or about September 12, 2018.

7. As of the date of this filing:

i. More than six (6) months have passed since Plaintiff filed her claim;

ii. The USMS has not responded to Plaintiff's claim; and

iii. This action seeks damages less than or equal to the damages alleged in Plaintiff's July 23, 2018 claim.

8. Accordingly, Plaintiff has exhausted her administrative remedies and satisfied all prerequisites to maintaining this action in accord with 28 U.S.C. § 2675 *et seq.*

**FACTS**

9. On or about April 12, 2018, Plaintiff lawfully operated her motor vehicle on 2nd Street NE, at or near its intersection with Constitution Avenue NE in the District of Columbia.

10. At the aforesaid time and place, Ms. Bell operated Defendant's motor vehicle on 2nd Street NE in the same direction Plaintiff operated her vehicle.

11. Suddenly and without warning, Ms. Bell negligently drove her vehicle into the side of Plaintiff's vehicle, thereby causing a collision, and further causing Plaintiff to sustain the personal injuries and other harms described herein.

12. At the time of the aforementioned collision, Ms. Bell was employed by the United States Marshals Service ("USMS"), an agency within the United States Department of Justice, which is a department of Defendant United States of America.

13. At the time of the aforementioned collision, Ms. Bell operated Defendant's motor vehicle with Defendant's knowledge and consent and within the scope of her employment with the USMS.

14. Following the collision, Plaintiff received medical treatment from various medical providers in Maryland for the injuries directly and proximately caused in the subject motor vehicle collision.

15. Additionally, Plaintiff's vehicle sustained damage as a direct and proximate result of the subject collision and required costly repairs.

**COUNT I – NEGLIGENCE & VIACARIOUS LIABLITY**

16. Plaintiff re-alleges, adopts and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

17. Ms. Bell owed Plaintiff a duty of care to responsibly operate her motor vehicle in accordance with District of Columbia law and to avoid colliding with other vehicles.

18. Ms. Bell breached her aforesaid duty of care while acting within the scope of her employment and as a federal employee by operating her motor vehicle in a careless and negligent manner, and was further negligent in the following particulars:

(a) Failing to observe other vehicles on the roadway;

(b) Failing to slow or stop the vehicle he was operating so as to avoid a collision;

(c) Failing to maintain and stop the vehicle she was operating within the assured clear distance ahead in violation applicable law;

(d) Failing to apply the brakes to the vehicle she was operating or take other evasive action to avoid the collision;

(e) Failing to maintain adequate control of the vehicle she was operating in order to avoid a collision;

(f) Moving her vehicle when not safe to do so in violation of applicable law;

(g) Operating her vehicle in careless disregard for the safety of persons and/or property in violation of applicable law;

(h) Failing to keep her vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

(i) Operating her vehicle too fast for the conditions existing at the aforesaid time and place in violation of applicable law;

(j) Failing to keep alert and maintain a proper lookout for the presence of other motor vehicles on the streets and highways;

(k) Exceeding the applicable maximum speed limits in violation of applicable law;

(l) In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

(m) Failing to stay alert to traffic;

(n) Failing to keep her eyes on the roadway;

(o) Failing to yield the right-of-way;

(p) Failing to maintain proper lane; and

(q) Otherwise operating his vehicle at an unsafe speed and in a careless and negligent manner.

19. As a direct and proximate result of Ms. Bell's aforesaid breach of her duty of care, Ms. Bell's vehicle struck Plaintiff's vehicle, thereby causing Plaintiff to suffer personal injuries, pain and suffering, and other pecuniary and non-economic losses.

20. As a direct and proximate result of Ms. Bell's aforesaid breach of her duty of care, Plaintiff incurred medical and related expenses, transportation costs, property damage, loss of use of her vehicle, diminution of the value of her vehicle, lost wages, loss of time and enjoyment from her usual and customary leisure and recreational activities, and other non-economic losses.

21. At all times relevant to this action, Ms. Bell was working as an employee or agent for Defendant United States. Defendant is therefore vicariously liable for the aforesaid negligence of Ms. Bell and damages to the Plaintiff under the doctrine of *respondeat superior*. Defendant, as the owner of the vehicle operated by Ms. Bell, is also responsible for the aforesaid negligence of Ms. Bell and damages to the Plaintiff pursuant to D.C. Code § 50-1301.08.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ella Lewis demands judgment from and against Defendant United States of America in the amount of ONE MILLION AND TEN THOUSAND DOLLARS ($1,010,000.00) in compensatory damages, plus interest, costs, and such further relief as the Court may find just and reasonable.

**Plaintiff demands a trial by jury on all issues so triable.**

Dated: December 17, 2019

Respectfully submitted,

/S/ MICHAEL A. YODER
Michael A. Yoder, Esq. [1600519]
SLOCUMB LAW FIRM, LLC
777 6th Street, NW, Suite 520
Washington, D.C. 20001
Tel: (202) 737-4141
Fax: (202) 609-9954
myoder@slocumblaw.com
*Counsel for Plaintiff*

**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

GKJ:HLSwann:hls
157-16-NEW

September 4, 2018

Mr. Ryan Quinn
Slocumb Law Firm, LLC
777 6th Street, N.W.
Suite 520
Washington, D.C. 20001

Re: Duplicate Administrative Tort Claims of Ella Lewis

Dear Mr. Quinn:

This is in response to your client's original and duplicate administrative tort claims dated July 23, 2018, which you submitted to the Department of Justice (Department). The Department received the claims on July 26, 2018.

Because your client's claims concern an alleged tort involving the U.S. Marshals Service (USMS), I am forwarding the claims to that agency. All further communication on this matter should be directed to the USMS at the address listed below.

Very truly yours,

Hope L. Swann

HOPE L. SWANN
Paralegal Specialist
Civil Division, Torts Branch

cc: Mr. Gerald M. Auerbach
U.S. Marshals Service Headquarters
Office of General Counsel
Building CG-3, 15th Floor
Washington, D.C. 20530-0001

PLAINTIFF'S EXHIBIT
1