UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLA LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-cv-3763 (ABJ) |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

## ANSWER

Now comes Defendant, the United States of America ("United States"), by the undersigned counsel, and answers the allegations of Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claim is barred by contributory negligence and/or assumption of risk.

### THIRD DEFENSE

The acts or omissions of Plaintiff, and or other parties, were the superseding, intervening, and/or proximate cause of the accident and any alleged injury suffered by Plaintiff.

### FOURTH DEFENSE

Plaintiff's claim is barred, or her recovery of damages should be reduced, to the extent Plaintiff failed to mitigate alleged damages.

### FIFTH DEFENSE

Plaintiff's Complaint should be dismissed to the extent it is barred under the District of Columbia's Compulsory/No-Fault Motor Vehicle Insurance statute, D.C. Code § 31-2401, et seq.

### SIXTH DEFENSE

No jury trial is available under the Federal Tort Claims Act.

### SEVENTH DEFENSE

Any damages sought by Plaintiff are limited to the amount claimed in the administrative tort claim, 28 U.S.C. § 2675(b), and any claim for recovery of attorneys' fees are limited by 28 U.S.C. § 2678.

The United States reserves the right to amend this Answer and to assert additional affirmative defenses that may be revealed during discovery.

### RESPONSE TO THE UNNUMBERED AND NUMBERED PARAGRAPHS OF THE COMPLAINT

In response to the unnumbered paragraph, Defendant admits that Lori M. Bell was an employee of the United States Marshal Service ("USMS") and was operating a government-owned vehicle in the scope of her employment on April 12, 2018, at the time of the collision between that vehicle and the vehicle in which Plaintiff was an occupant, and otherwise denies the allegations in this paragraph.

In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.
2. Admit.
3. This paragraph asserts a conclusion of law to which no response is required.

4. Defendant admits that the collision between the vehicle operated by Senior Inspector Bell and the vehicle operated by Plaintiff occurred in the District of Columbia. The remainder of this paragraph asserts a conclusion of law to which no response is required.

5. Defendant admits that the United States Department of Justice received a tort claim from Plaintiff on July 26, 2018, alleging $1,010,000 in damages, and refers the Court to that tort claim for a complete and accurate statement of its contents.

6. Admit.

7. This paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, Defendant admits that, as of the date of the filing of the Complaint, the USMS had not issued an administrative determination on the tort claim and otherwise refers the Court to the tort claim for a complete and accurate statement of its contents.

8. This paragraph asserts a conclusion of law to which no response is required.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

10. Defendant admits that, on or about the time of the accident, Senior Inspector Bell was operating her government-owned vehicle on 2nd Street NE in the same direction of the vehicle in which Plaintiff was an occupant. Defendant otherwise denies the allegations in this paragraph.

11. Defendant admits that the vehicle operated by Senior Inspector Bell and the vehicle in which Plaintiff was an occupant collided. The remainder of this paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, the allegations are denied.

12. Admit.

13. Admit.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

16. In response to this paragraph, Defendant incorporates by reference its responses to the preceding paragraphs as if full set forth herein.

17. This paragraph asserts a conclusion of law to which no response is required.

18. This paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, the allegations are denied.

19. This paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, the allegations are denied.

20. This paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, the allegations are denied.

21. This paragraph asserts a conclusion of law to which no response is required. To the extent any response is required, the allegations are denied except that Defendant admits that, at the time of the accident, Senior Inspector Bell was working as an employee of USMS and was operating a government-owned vehicle.

## **PRAYER FOR RELIEF**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein. The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff prays, or to any other relief as to Defendant.

Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar #437437
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov